[No. 35610. *En Banc.* September 14, 1961.]

THE STATE OF WASHINGTON, *Respondent*, v. HAROLD OSCAR THOMAS, *Appellant.**

*Lawrence K. McDonell* (of *Regal & McDonell*), for appellant.

*Charles O. Carroll, James J. Caplinger,* and *Norman W. Quinn,* for respondent.

HILL, J.—The question presented is the constitutionality of a statute making the fact that a defendant was armed with a pistol, for which he had no license, *prima facie* evidence of his intent to commit a crime of violence. RCW 9.41.030.

*Reported in 364 P. (2d) 930.

Harold Oscar Thomas was charged and convicted of murder in the second degree and assault in the first degree. On this appeal, the only error assigned is the admission of testimony that the appellant was carrying a pistol for which he had no license and the court's instruction to the jury: that

" . . . the fact that the defendant is armed with a pistol and had no license to carry same shall be prima facie evidence of his intention to commit . . ."

the crime of violence with which he is charged. This evidence was admitted, and the instruction given pursuant to RCW 9.41.030, which reads:

"In the trial of a person for committing or attempting to commit a crime of violence, the fact that he was armed with a pistol and had no license to carry the same shall be prima facie evidence of his intention to commit said crime of violence."

If this statute is constitutional, it was not error to admit the challenged testimony.

■ This court recognized, as early as *State v. Fitzpatrick* (1927), 141 Wash. 638, 251 Pac. 875, and as recently as *State v. Person* (1960), 56 Wn. (2d) 283, 352 P. (2d) 189, that the legislature may declare that the proof of one fact shall be *prima facie* evidence of another. The only restriction on this power is that the fact proved must bear a rational connection to the ultimate fact presumed. The test to be applied, as stated in *State v. Kelly* (1944), 218 Minn. 247, 256, 15 N. W. (2d) 554, 162 A. L. R. 477, is

" ' . . . Does our experience demonstrate that the fact presumed is usually and probably co-existent with the fact from which the presumption flows?' "

If we phrase our test in terms of what experience demonstrates, we must give a great deal of credence to the legislative enactment. However, we should not, as Mr. Justice McReynolds pointed out in his dissent in *Casey v. United States* (1928), 276 U. S. 413, 72 L. Ed. 632, 48 S. Ct. 373, replace the thumbscrew as an aid in securing criminal convictions with the much less painful legal presumption.

The rationale of our cases upholding comparable statutes in other areas is well stated in *State v. Person, supra*, and what we said there need not be repeated here.

There is one jurisdiction—Indiana—which considered a statute very similar to the one here in question, and concluded that the fact that a person was armed with an "unlicensed gun" was completely irrelevant to the question of whether or not that person intended a crime of violence. See *Everett v. State* (1935), 208 Ind. 145, 195 N. E. 77; *Powers v. State* (1933), 204 Ind. 472, 184 N. E. 549, 86 A. L. R. 166.

Appellant also urges that Alabama has held a similar statute to be unconstitutional. We do not so read the two cases cited, nor the later Alabama case of *Parker v. State* (1956), 266 Ala. 63, 94 So. (2d) 209. The door is certainly left open for the use of the statute under proper instructions.

But whether it be two states, or one, that has declared comparable statutes unconstitutional, we are not in accord.

■ The reasoning of the Indiana cases, on the matter of rational relationship does not appeal to us. Since a person can so easily obtain a permit to carry a pistol for any lawful purpose, it would not be unreasonable to infer that anyone who carries a pistol without obtaining a permit does so for an unlawful purpose; and, if a person is involved in a crime of violence, armed with a pistol, the fact that he had no permit or license to carry it is a relevant fact which permits an inference that he intended to commit a crime of violence, which other evidence shows he actually did commit. The distinction must be kept in mind: that the statute does not make the possession of a pistol without a license evidence of the commission of crime, but evidence of intent. This inference of intent is, of course, rebuttable; but, more important, it is not conclusive even if no attempt is made to rebut it. It is sufficient evidence to take the case to the jury on the issue of intent, but the jury is not obligated to attach any weight to it. It considers it for what it may be worth. *State v. Person, supra*.

We hold that there is a rational connection between carrying pistols without a license and intending crimes of violence, and, consequently, the questioned statute is constitutional. The evidence, that the defendant had in his possession a pistol which he had no license to carry, was admissible.

■ *State v. Person, supra,* is authority for the proposition that if an instruction, based on the statute making one fact *prima facie* evidence of another, is given, the phrase "prima facie evidence" must be explained in such manner as to make it clear that *prima facie* evidence is not binding on the jury even though no attempt is made to rebut it. Whether an instruction, based on the statute, should be given is arguable. It can be said that when the evidence was admitted, of the defendant's possession of a pistol which he had no license to carry, and the case was permitted to go to the jury, the state had had all of the advantage it was entitled to receive from the statute and the weight and significance of the evidence was a matter of argument. On the other hand, the defendant might well feel that since the evidence was admitted for a specific and limited purpose, an instruction limiting it to that purpose should be given, either at the time the evidence was admitted or in the instructions given at the close of the trial.

Unfortunately, this case went to the jury a month before our opinion in the *Person* case was filed; and the definition of *prima facie* evidence in the instruction[1] is in conflict with what we said in that case, and have repeated here—it places a burden on the defendant to "contradict and overcome the evidence," which has been labelled *"prima facie."*

---

[1]Instruction No. 28:

"You are instructed that under the laws of the State of Washington no person shall carry a pistol in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefor.

"You are further instructed that in the trial of a person for committing or attempting to commit a crime of violence, the fact that the defendant is armed with a pistol and had no license to carry same shall be prima facie evidence of his intention to commit such crime of violence.

" 'Prima facie evidence' means evidence which suffices for the proof of a particular fact until contradicted and overcome by other evidence."

If on a retrial an instruction, based on this statute, is given, it must make clear that no such burden is imposed upon the defendant and that the jury need give the fact that he had in his possession a pistol, for which he had no permit, only such weight on the issue of intent as it seems to it to merit.

No objection was raised by the appellant to the definition of "prima facie evidence," as contained in instruction No. 28; he was objecting to the entire instruction because of his contention that the statute was unconstitutional. While we do not agree with that contention, we do not feel (in view of the aura of uncertainty relating to the effect of such statutes, and the very recent date of a significant clarification in *State v. Person, supra,* subsequent to the giving of the instructions in this case), that we should adhere to the rule that the trial court must have its attention directed to the specific error contained in an erroneous instruction before that error can be urged as a ground for a new trial in this court.

The conviction is set aside, because of the erroneous definition of *prima facie* evidence,[2] and the case remanded for a new trial.

FINLEY, C. J., DONWORTH, WEAVER, ROSELLINI, and FOSTER, JJ., concur.

MALLERY, J. (dissenting)—I agree that RCW 9.41.030 is valid, but I think the majority opinion misconstrues the legislative intent thereof. RCW 9.41.030 provides:

"In the trial of a person for committing or attempting to commit a crime of violence, the fact that he was armed with a pistol and had no license to carry the same shall be prima facie evidence of his intention to commit said crime of violence."

This rule of evidence is directed to the existence of a criminal intent. The legislative logic is simple and sound. It recognizes the fact that the risks of committing the crime

---

[2] We are not here concerned with a general definition of *prima facie* evidence, but with a definition of *"prima facie* evidence" within the purview of RCW 9.41.030 quoted in the second paragraph of this opinion.

of carrying a pistol without a license are not ordinarily incurred without a motive, and that the person who commits a crime of violence by the use of a pistol anticipated the crime when he armed himself with it. Such an intention *at the time of arming* oneself can be properly designated as *premeditation*, notwithstanding it continues up to and through the commission of the crime. It can be contrasted with the intention that exists only *at the time of committing a crime*, both as to *acts* from which the different intents are inferred and as the *time* when they came into existence. One is presumed to intend the natural consequences of one's act. This is the intention which flows from the commission of a crime at the time thereof and with which courts are concerned in the case of crimes not requiring premeditation.

The court in instruction No. 18 correctly defined this kind of intention in these words:

"The court instructs the jury that the law presumes that every man intends the natural and probable consequences of his own acts. . . ."

In the case of *premeditated* crime, intent is entertained prior to the crime and is inferred from some act or circumstance preceding its commission. The carrying of an unlicensed pistol was the act from which intent is inferred in the instant case.

Homicide has degrees based upon these differences of time and source of homicidal intent. Thus, the *intentional* but unpremeditated killing of a human being, unless it is justified or excusable, is murder in the second degree. The state can raise a homicide to first degree murder by proving that the intentional unjustifiable killing of a human being was *premeditated*. On the other hand, the burden of reducing a homicide to manslaughter is upon a defendant.

The charge in the instant case was murder in the second degree. Consequently, the court properly instructed the jury in instruction No. 8, which reads:

"The court instructs you that where a homicide is proved beyond a reasonable doubt, the *presumption* is that it is murder in the *second degree*, and if the defendant desires to reduce the degree to manslaughter, the burden is on him

to produce evidence of those facts or circumstances which call for such reduction." (Italics mine.)

The majority opinion does not discuss or overrule this instruction, but, nevertheless, sets aside the verdict of second degree murder precisely upon the ground that another instruction, No. 28, placed the same burden upon the defendant as did instruction No. 8, *viz.*, of offering evidence to reduce the homicide to manslaughter.

The particular part of instruction No. 28, which is the basis for the majority opinion, reads:

" 'Prima facie evidence' means evidence which suffices for the proof of a particular fact until contradicted and overcome by other evidence."

The majority opinion says this "places a burden on the defendant to 'contradict and overcome the evidence,' which has been labelled *'prima facie.'* "

The evidence referred to was that the defendant was carrying a pistol, and the element of the crime which it proved by "prima facie" evidence was the *intention* to commit a homicide.

Instruction No. 28 was properly given, and the definition therein of *prima facie* evidence is in accord with instruction No. 8, and is precisely correct.

The majority opinion sets the verdict aside in the instant case upon the theory that *State v. Person,* 56 Wn. (2d) 283, 352 P. (2d) 189, is controlling, and, hence, it was reversible error to apply the time-honored rule, as stated in both instructions Nos. 8 and 28, which puts the burden upon a defendant to reduce second degree murder to manslaughter.

The state had the right to introduce evidence that the defendant was carrying a pistol, because the true intention, whether premeditated or not, is pertinent to the crime. That it was not indispensable to a conviction for second degree murder does not make it irrelevant or inadmissible.

As to the *Person* case, which the majority opinion follows instead of the established law of homicide, I think it is not remotely in point because the facts are dissimilar to the instant case.

The *Person* case tested the constitutionality of a statute which made possession after dark in game territory of a gun and flashlight *prima facie* evidence of unlawful hunting. These circumstances do not satisfy the requirements of the circumstantial evidence rule in order to sustain a conviction, because they are consistent with many theories of innocence. Neither do they suffice to constitute the crime of *attempted* hunting because there is no *overt act* tending to accomplish such an unlawful purpose. It was because of this that the legislature made it an arbitrary rule of evidence that a *prima facie* case of unlawful hunting was established by proof of the circumstances specified. More particularly, the circumstances specified are made sufficient by the statute to establish a *criminal intention*. These circumstances thus being coupled with a criminal intent to hunt are then made a crime without any overt act.

Obviously, this situation does not fall within the classical rule of criminal intent that one is presumed to *intend* the natural consequences of one's acts. There are no *acts* and no *consequences* in the ordinary sense in the *Person* case. The *act* of firing a pistol *resulted* in death in the instant case.

The legislature in no way evinced an intention to make the game code arbitrary rule of evidence applicable to any other crime. The *Person* case, which interpreted only that particular statute, supplies no reason for overruling *sub silentio* all the law relating to homicides.

I dissent.

OTT and HUNTER, JJ., concur with MALLERY, J.