Eddie Pearl CLAYTON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 22846.

United States Court of Appeals Ninth Circuit.

June 9, 1969.

———◆———

E. Myron Bull, Jr., (argued), San Francisco, Cal., for appellant.

Irving Prager, (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Crim. Div., Los Angeles, Cal., for appellee.

Before BARNES and CARTER, Circuit Judges, and KILKENNY, District Judge.*

PER CURIAM:

Appellant was convicted on two substantive counts (possession and sale) of heroin, and one count of conspiracy to conceal and sell heroin. 21 U.S.C. § 174.

■ Appellant first urges that Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, (1969), is controlling. We hold it is not, by its express terms. *Id.* at 45, 89 S.Ct. 1553 n. 92. Thus, Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1925), still controls.

■ Appellant next suggests the heroin was seized after a warrantless and hence illegal search and seizure of his air express shipment—either (a) by the employees of the airline, or (b) Los Angeles police officers, or (c) by both of them, or (d) by Chicago officers.

This heroin was clearly discovered as a result of a private search which was, hence, not unlawful. Gold v. United States, 378 F.2d 588, 591 (9th Cir. 1967).

■ The subsequent acts of the police did not constitute a search. Wolf Low v. United States, 391 F.2d 61, 63 (9th Cir. 1968).

The exigencies of time and the possible removal of the contraband to another state created an emergency—an "exi-gent circumstance." United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950); Boyden v. United States, 363 F.2d 551, 554 (9th Cir. 1966).

The facts of this case are not like Corngold v. United States, 367 F.2d 1 (9th Cir. 1966), but are closely parallel to United States v. Spencer, No. 22,623 (9th Cir., filed May 27, 1969).

We affirm.

---

* Honorable John F. Kilkenny, United States District Judge, Portland, Oregon, sitting by designation.