Celia **GONZALEZ RAMIREZ,** Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 22876.

United States Court of Appeals
Ninth Circuit.

Nov. 21, 1969.

Rehearing Denied Jan. 13, 1970.

Marvin Rothman (argued), Berkeley, Cal., for appellant.

Irving Pragir, (argued), Asst. U. S. Atty., Wm. M. Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, KOELSCH and KILKENNY,* Circuit Judges.

PER CURIAM:

Appellant appeals from convictions under a three count indictment charging violations of the narcotics laws as follows: (1) with knowingly and unlawfully receiving and concealing and facilitating the concealment and transportation of heroin, 21 U.S.C. § 174; (2) with knowingly and unlawfully selling and facilitating the sale of heroin in violation of the same section; and (3) in knowingly and unlawfully selling an amount of heroin without obtaining a written order form from the Secretary of the Treasury as required by 26 U.S.C. § 4705(a).

■ In our view, Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), a marihuana case, on which appellant relied at the time of argument, is here of no importance. By express language, it excluded heroin from its impact. Consequently, Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1925), must guide our action on the § 174 counts. Clayton v. United States, 413 F.2d 297 (9th Cir., June 9, 1969), supports this conclusion. We affirm on Counts 1 and 2.

■ Inasmuch as appellant was sentenced to serve seven years on each count, we do not reach the constitutional challenge to 26 U.S.C. § 4705(a).

* United States District Judge for the District of Oregon, sitting by designation at the time of submission.