**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Cecil WINBUSH, Defendant-Appellant.**

**No. 19801.**

United States Court of Appeals, Sixth Circuit.

June 4, 1970.

---

Carol G. Emerling (Court-appointed), Cleveland, Ohio, on brief for appellant.

Robert B. Krupansky, U. S. Atty., Timothy J. Potts, Asst. U. S. Atty., Cleveland, Ohio, on brief for appellee.

Before WEICK, EDWARDS, and McCREE, Circuit Judges.

McCREE, Circuit Judge.

This is a direct appeal from a judgment of conviction of possession of stolen mail in violation of 18 U.S.C. § 1708.

Two issues are presented: (1) whether the District Court erred in admitting into evidence property found on appellant's person by a hospital aide, and, (2) whether the court's instruction that possession of recently stolen property permits the inference that the possessor knew the property was stolen was erroneous.

In response to a radio call, two Cleveland, Ohio police officers found appellant unconscious and lying in the hall of a building. They took him to a hospital for emergency treatment. They were accompanied by a female friend of appellant who told the admitting room attendant that appellant's name was John Moore. A community service aide who worked in the hospital examined the contents of appellant's pockets in an endeavor to establish his identity and to ascertain if his person contained any advice about abnormal reactions to medical procedures. It was established hospital practice to do this when emergency room patients are unable to communicate. In the course of the examination he found an envelope containing seventeen checks imprinted with the name of a restaurant, two wallets, credit cards and other items of identification. Upon making this discovery, the community aide ran after the departing officers and showed them the property he had obtained. The officers, who had not participated in the search, ascertained that the checks had been stolen from the United States mail and placed appellant under arrest.

Appellant contends that since it would have been illegal for the police to have conducted the search and to have seized the incriminating items, the court should not have admitted them over objection. We disagree.

In Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1920), the Supreme Court speaking of the protection afforded by the Fourth Amendment against unlawful searches and seizures said: " * * * Its protection applies to governmental action. Its origin and history clearly show that it was intended as a restraint upon the activities of

sovereign authority, and was not intended to be a limitation upon other than governmental agencies * * *."

Following *Burdeau*, other courts have declined to exclude evidence in criminal cases when obtained by private persons. In Barnes v. United States, 373 F.2d 517 (5th Cir. 1967), the owner of a motel opened the luggage of a departed guest and discovered a forged bank check which he turned over to the police. Approving admission of this evidence, the court said, "clearly the search complained of here did not involve governmental action and was therefore not illegal within the meaning of the fourth amendment." *See also* United States v. Goldberg, 330 F.2d 30 (3rd Cir. 1964).

■ We observe that this is not a situation in which a private person acted on behalf of the police. Here, there is no suggestion that the search conducted by the hospital aide was for any purpose other than to acquire the necessary information for an admission record. We hold that the Fourth Amendment is not concerned with lawful private searches not conducted for or stimulated by law enforcement officers.

■ Appellant also contends that the court erred in instructing the jury that possession of property recently stolen, if not satisfactorily explained, permits an inference that the person in possession knows that the property had been stolen. Appellant contends that the time lapse from the date the property in question was stolen, January 24, 1969, to the date when the property was found in appellant's possession, February 26, 1969, was too long a period to make the above charge applicable. We hold that the intervention of approximately one month between a theft and discovery of the stolen goods in the possession of a suspect is not so long a period as to make such possession remote as a matter of law. The instruction permitted the jury to determine as a matter of fact whether the property was "recently stolen" and we determine that the jury's affirmative finding was not erroneous. *See* Travers v. United States, 118 U.S.App.D.C. 276, 335 F.2d 698 (1964) (two month lapse); Jenkins v. United States, 361 F.2d 615 (10th Cir. 1966) (six month lapse).

Appellant also contends that the instruction shifted the burden of proof to appellant. A reading of the entire charge clearly demonstrates that the jury was told that the burden of proving guilt beyond a reasonable doubt never shifted from the government. We determine that the charge carefully and correctly stated the applicable law. The judgment is affirmed.