[No. 167-1.     Division One—Panel 1.     October 26, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. ROSS MARTIN GILBERT, *Appellant.*

*Miller, Howell & Watson* and *John M. Watson,* for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney,* and *George T. Mattson, Deputy,* for respondent.

SWANSON, J.—Ross Martin Gilbert was charged with shooting one Edward Butler while committing a felony, second-degree assault. The jury found him guilty of second-degree murder and also made a finding that he was armed with a deadly weapon at the time the offense was

committed. Gilbert appeals and makes two assignments of error.

Appellant's first assignment of error is directed to instruction 10 which states:

> You are instructed that *in the trial of a person for committing or attempting to commit a crime of violence, the fact that he was armed with a pistol and had no license to carry the same shall be prima facie evidence of his intention to commit said crime of violence.* The presumption thus created is not binding upon you, but should be given only such weight as it seems to you to merit. This presumption permits, but in no way directs, you to convict the accused, and must be considered by you in light of the presumption of innocence which arises upon a plea of not guilty and accompanies the accused throughout the trial until overcome by evidence which convinces you of the accused's guilt beyond a reasonable doubt.

(Italics ours.)

■ Appellant first questions the constitutionality of the statute[1] which is included in the italicized portion of instruction 10 above. Appellant says there is no rational connection between possession of an unlicensed gun and the intent to commit a crime of violence. Any question as to the constitutionality of the statute in question was laid to rest in *State v. Thomas*, 58 Wn.2d 746, 364 P.2d 930 (1961), when the court stated at page 749:

> We hold that there is a rational connection between carrying pistols without a license and intending crimes of violence, and, consequently, the questioned statute[2] is constitutional.

*Accord, State v. Palmer*, 2 Wn. App. 863, 471 P.2d 118 (1970).

■ Appellant next contends that instruction 10 does not define the term "prima facie," thereby denying him the

---

[1]RCW 9.41.030 states: "In the trial of a person for committing or attempting to commit a crime of violence, the fact that he was armed with a pistol and had no license to carry the same shall be prima facie evidence of his intention to commit said crime of violence."

[2]*See* n.1.

presumption of innocence and shifting to him the burden of proof, which violates the due process clause. This contention is likewise without merit. In *State v. Thomas, supra* at 749 n.1, an instruction was given in the language of RCW 9.41.030, together with this definition of prima facie evidence:

> " 'Prima facie evidence' means evidence which suffices for the proof of a particular fact until contradicted and overcome by other evidence."

The defendant claimed this improperly placed a burden on him to contradict and overcome the evidence labeled "prima facie." The court held the definition of "prima facie"[3] erroneous, and said, 58 Wn.2d at 750:

> If on a retrial an instruction, based on this statute, is given, it must make clear that no such burden is imposed upon the defendant and that the jury need give the fact that he had in his possession a pistol, for which he had no permit, only such weight on the issue of intent as it seems to it to merit.

On retrial of *State v. Thomas,* 63 Wn.2d 59, 64, 385 P.2d 532 (1963), the instruction given, which subsequently met approval upon appeal, used virtually the same language as the instruction under discussion in the case at bar, stating:

> " 'Prima facie evidence' means evidence which may be accepted for the proof of a particular fact. Such evidence should be given just such weight as it seems to you to merit. You are not bound to accept it."

In addition, instruction 10 follows the language and the mandate laid down in *State v. Person,* 56 Wn.2d 283, 352 P.2d 189, 81 A.L.R. 1088 (1960), a case relied on and cited with approval in the first *State v. Thomas* case. In *Person,* the court said at page 288:

> In other words, it should be made clear that the statutory presumption permits, but in no way directs, the jury to

---

[3]The court was careful in *State v. Thomas,* 58 Wn.2d 746, to point out the kind of definition of prima facie evidence they intended, and stated at page 750 n.2: "We are not here concerned with a general definition of *prima facie* evidence, but with a definition of *'prima facie* evidence' within the purview of RCW 9.41.030 quoted in the second paragraph of this opinion."

convict the accused, and must be considered by the jury in the light of the presumption of innocence which arises upon a plea of not guilty and accompanies the accused throughout the trial until overcome by evidence which convinces the jury of the accused's guilt beyond a reasonable doubt.[4]

Instruction 10 correctly makes it clear that prima facie evidence is not binding on the jury and does not in and of itself affect the presumption which arises upon a plea of not guilty.

■ Thirdly, appellant attacks instruction 10 on the basis that it assumes as a fact that the appellant was armed with a pistol. Such an interpretation of the instruction is not reasonable, for each instruction must be considered in light of all the instructions given. *State v. Stafford,* 44 Wn.2d 353, 267 P.2d 699 (1954); *State v. Costello,* 59 Wn.2d 325, 367 P.2d 816 (1962). By previous instructions the court told the jury that they must find as a fact that the defendant did mortally wound the victim with a deadly weapon.

The second assignment of error questioned an instruction given on the defendant's flight from the scene. Even though appellant's counsel abandoned this claimed error during oral argument, we have nevertheless considered this claim of error and find it to be without merit.

Judgment affirmed.

JAMES, C. J., and FARRIS, J., concur.

Petition for rehearing denied November 6, 1970.

Review denied by Supreme Court December 21, 1970.

---

[4]The instruction considered in the *Person* case was based on the statutory presumption permitted by RCW 77.16.050 that possession of an artificial light and a rifle, after sunset in any wooded section where deer or other animals mentioned in the statute may reasonably be expected, is prima facie evidence of unlawful hunting.