**Ralph Leon GANDY, Petitioner,**

**v.**

**John C. WATKINS, Warden, Respondent.**

**Civ. A. No. 2110-N.**

United States District Court
Middle District Alabama, N. D.

Nov. 5, 1964.

Certiorari Denied March 15, 1965.
See 85 S.Ct. 1032.

---

**33.** See note 2 supra.

Herman H. Hamilton, Jr., of Capell, Howard, Knabe & Cobbs, Montgomery, Ala., for petitioner.

Richmond M. Flowers, Atty. Gen., and Mark Anderson, III, Asst. Atty. Gen., State of Alabama, Montgomery, Ala., for respondent.

JOHNSON, District Judge.

The petitioner Gandy by order of this Court made and entered in this case on August 11, 1964, files in forma pauperis his application for a writ of habeas corpus. On September 8, 1964, this Court, upon the request of the petitioner Gandy made on September 4, 1964, appointed the Honorable Herman H. Hamilton, Jr., attorney at law, Montgomery, Alabama, to represent petitioner upon this proceeding.

Gandy alleges that he is presently incarcerated by the State of Alabama at Kilby and/or Draper Prison, both being located within this district, in violation of his constitutional rights. His basic complaint is that his constitutional rights were violated by the State of Alabama, acting through the Circuit Court of Jefferson County, Alabama, in 1961, during which year he was prosecuted and convicted in said court for the offense of robbery and was sentenced to be incarcerated in the State penitentiary for a term of ten years. The petitioner is presently serving this sentence.

As required by the order of this Court, the warden holding petitioner Gandy in custody, appeared in this cause through his attorney, the Attorney General for the State of Alabama, by filing a return and answer to Gandy's petition. This return and answer was filed with this Court on August 28, 1964. As a part of the return and answer of the respondent warden, a motion to dismiss the petition for a writ of habeas corpus was presented. This Court, by order made and entered on August 31, 1964, determined and held that the matter was not to be disposed of on this motion to dismiss, but that a plenary hearing was to be conducted into the matter. A pretrial hearing was held on September 22, 1964,

and, as reflected by the pretrial order of this Court, it was determined and held that the petitioner Gandy had exhausted the remedies available to him in the courts of the State of Alabama, as required by Title 28, Section 2254, United States Code. Upon the pretrial hearing, it was further determined that the inquiry to be conducted by this Court upon the plenary hearing would be upon the following issues:

(1) Whether or not the State of Alabama, acting through the Circuit Solicitor, knowingly withheld evidence that was vital to the defendant;

(2) Whether or not the State of Alabama, acting through the Circuit Solicitor, knowingly used false and perjured testimony;

(3) Whether or not the warrant of arrest issued on the 30th day of August, 1960, was illegal to the extent that Gandy was, by reason of his having been arrested on the authority of said warrant, denied due process; and

(4) Whether or not the evidence used against Gandy by the State of Alabama in his prosecution in Jefferson County in February, 1961, was illegally seized and obtained.

The matter came on for a hearing on October 30, 1964. The submission is upon all the pleadings and exhibits thereto, the original trial transcript that has been filed with this Court by the respondent, the depositions of the arresting officer, the officer conducting the search that produced the evidence that Gandy complains of, and the circuit solicitor who prosecuted the case resulting in Gandy's conviction and present incarceration. The evidence also includes the oral testimony taken before this Court. Upon this submission, this Court finds that in the early evening on or about

August 26, 1960, a Mr. Leon Wesson was forcibly robbed of $348 by three men and one woman; the robbery occurred in or near Birmingham, Jefferson County, Alabama, and was immediately reported to the Birmingham City Police by the victim, at which time an identification of the robbers and the circumstances surrounding the robbery were detailed to the police officers. Shortly thereafter a call was broadcast over the police radio for the arrest of the petitioner, Ralph Leon Gandy. About 12:45 a. m., on August 27, 1960, Gandy was arrested while occupying a room in the Hotel Mecca in the City of Birmingham, Alabama. Entrance was gained to the room by the police officers after knocking and being freely admitted by Gandy. At this time Gandy was arrested without a warrant having been issued. A day or so later the victim Wesson definitely identified Gandy, the woman, and one of the other men who participated in his robbery, by picking them from a police lineup. An indictment was returned on October 7, 1960, charging Gandy with the offense of robbery.[1] Gandy was represented upon the preliminary hearing, the arraignment, and upon the trial by his own counsel. The trial record in this case reflects that he was fairly and adequately represented. The jury, upon the matter being submitted to them, returned a verdict of guilty and fixed his punishment in the penitentiary for a period of ten years.

Sometime around 12:00 noon or 12:30 p. m. on the same day that Gandy had been arrested at approximately 12:45 a. m., a detective of the detective department of the City of Birmingham, Alabama, was summoned to the hotel by the owner and manager of the hotel where Gandy had been arrested. At the request of the manager and after receiving information from the manager that several objects had been found in Gandy's room, the city detective, accompanied by the manager and at the specific request of

---

1. Section 415, Title 14, Code of Alabama, Recompiled 1958. The robbery as charged in this case carried a maximum punishment of death and a minimum punishment of imprisonment in the penitentiary for not less than ten years.

the manager, proceeded to the room where Gandy was arrested and also to the room adjoining where Gandy's co-defendant (who has also been convicted for this same offense) was arrested on the same occasion, and found under the rug several items with Mr. Leon Wesson's name on them. All of these items were later identified by Wesson as being items that had been removed from him during the course of the robbery. These items were removed by the detective and became part of the evidence in the case against Gandy. In connection with the removal of these items, the testimony in this case shows that the city detective was interrogated as follows:

"Q Did the manager request that you remove those items, sir, or what—

"A Yes, sir. He requested it. He said he wanted to rent the room, that their rent was up on what they had paid on the room.

"Q In other words, the Friday night time was up and they had not rented it again for Saturday; is that right?

"A Yes, sir.

"Q They paid for one night, in other words?

"A Yes, sir.

"Q And he wanted to reserve the rooms, is that right?

"A Yes, sir.

"Q And had the rooms been locked under Police Officer orders?

"A Yes, sir.

"Q And the Hotel had found these articles in cleaning; is that right?

"A Yes, sir.

"Q And asked you to come pick them up; is that right?

"A Yes, sir.

"Q And remove them?

"A Yes, sir.

"Q And they were just left under the rug, is that right?

"A Yes, sir."

Gandy has never made, and does not now make, any claim of ownership to the property that was seized by the Birmingham detective from the hotel room; furthermore, no formal objection was made by Gandy's counsel to his arrest or the manner in which he was arrested, or the failure of the arresting officers to have a warrant at the time of the arrest, and there was no motion made to suppress the evidence that was taken from the hotel room.

■■■ As to Gandy's contention that the State of Alabama, acting through the circuit solicitor, knowingly withheld evidence that was vital to his defense, the evidence presented to this Court in this case completely fails to even give any indication that such was the case. This Court fully understands and appreciates that there can be no conviction where there is a failure on the part of the State to disclose or where there is suppression of evidence on the part of the State, when such failure to disclose or such suppression deprives the defendant of evidence vital to his defense. Powell v. Wiman (5th Cir. 1961), 287 F.2d 275. However, in the absence of any evidence indicating that the circuit solicitor of Jefferson County knowingly withheld any evidence before or during the prosecution of Gandy, the principles of Powell v. Wiman are not applicable.

■ As to the contention made by Gandy in this case that the State of Alabama, acting through the circuit solicitor, knowingly used false and perjured testimony, the record is again absolutely devoid of any evidence to substantiate this contention. The principles of Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217, cited in support of this proposition by the petitioner Gandy, are not applicable in this case in the absence of any evidence to sustain this contention.

As to the legality of Gandy's arrest on the night of the robbery, the law of the State of Alabama is determinative. Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332. In this connection, Section 154, Title 15, Code of Alabama, Recompiled 1958, specifically authorizes an officer to arrest when a felony has been committed though not in his presence provided the officer has reasonable cause to believe that the person arrested committed it. There is no question in this case that the officer arresting Gandy had reasonable cause to believe that he had committed this felony. Even without an application of Section 154, Title 15 of the Alabama Code, the circumstances leading up to and surrounding Gandy's arrest, as reflected by the evidence now presented upon this submission, affirmatively reflect that there was no deprivation of Gandy's constitutional rights in connection with his arrest for the offense for which he was convicted. Furthermore, Gandy and his counsel failed to raise any question during the course of the trial or prior to the trial in State court concerning the legality of his arrest. Under such circumstances and in a collateral proceeding such as this, he is barred from raising that issue. Hernandez v. United States, 5 Cir., 256 F.2d 342, cert. denied 358 U.S. 851, 79 S.Ct. 80, 3 L.Ed. 2d 85; Jones v. United States, 103 U.S. App.D.C. 326, 258 F.2d 420, cert. denied 357 U.S. 932, 78 S.Ct. 1377, 2 L.Ed.2d 1374.

As to the last contention made by the petitioner Gandy in this case, that is, whether or not the evidence used against him by the State of Alabama was illegally seized and obtained, this Court specifically finds and concludes that there is no merit in his contention. This Court fully recognizes that the Fourth Amendment to the Constitution of the United States protects an individual from unreasonable searches and seizures; however, under the circumstances in this case where the property was taken into custody by the officer at the specific request of the hotel manager and where the search was initially made by the owner of the hotel, and the property was only pointed out to the officer by the owner and manager of the hotel and then taken into custody by the officer at the request of the owner and manager of the hotel, there has been no unreasonable search and seizure within the meaning of the Fourth Amendment to the Constitution of the United States. In this connection, see Abel v. United States (1960), 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668. This is aside from the fact that Gandy denies any ownership in or knowledge of the property in question.

This Court concludes that there was no violation of Gandy's constitutional rights in connection with his arrest, prosecution and sentence in the Circuit Court of Jefferson County, Alabama, which prosecution and sentence resulted in his present incarceration by the State of Alabama. As to every aspect of the investigation and prosecution, petitioner Gandy received substantial justice. There is nothing in this case, as reflected by the evidence, offensive to the common and fundamental ideas of fairness within the meaning of any of the cases relating to substantial justice and fundamental fairness in the prosecution of defendants in the courts of the various states of this country.

In consideration of the foregoing, it is the order, judgment and decree of this Court that the petition for a writ of habeas corpus, filed herein by leave of this Court in forma pauperis by petitioner Gandy, be and the same is hereby denied.

It is further ordered that petitioner Gandy's petition for a writ of habeas corpus be and the same is hereby dismissed.

It is the further order, judgment and decree of this Court that the petitioner, Ralph Leon Gandy, be and he is hereby remanded to the custody of the State of Alabama.