Harry S. BARNES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 23340.

United States Court of Appeals
Fifth Circuit.

Feb. 21, 1967.

Nathaniel L. Barone, Jr., Miami, Fla., for appellant.

James W. Matthews, Alfred E. Sapp, Asst. U. S. Atty., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

Before MARIS,* BROWN and THORNBERRY, Circuit Judges.

PER CURIAM.

Appellant Barnes was convicted of having caused to be transported in interstate commerce a forged and falsely made bank check in violation of 18 U.S.C. § 2314.[1] By this appeal, appellant asserts that his conviction was the result of evidence gained through an illegal search in violation of the fourth amendment to the federal Constitution. The search of which appellant complains, however, was made by a private citizen—the owner of a motel in which appellant stayed overnight and in which he left behind a travel case containing the evidence complained of. The search was made on the motel owner's own initiative. Because of it, he became suspicious, called the local police, informed them of the bag's contents,[2] and made it available to the authorities.

The fourth amendment and the case law applying it do not require exclusion of evidence obtained through a search by a private citizen. Rather, the amendment only proscribes governmental action. Burdeau v. McDowell, 1921, 256 U.S. 465, 41 S.Ct. 574, 65 L. Ed. 1048; McLindon v. United States, 1964, 117 U.S.App.D.C. 283, 329 F.2d 238. Clearly the search complained of here did not involve governmental action and was therefore not illegal within the meaning of the fourth amendment.[3]

Appellant also complains of the admission of parts of his written confession and of testimony concerning an alleged telephone conversation between himself and the motel owner, and of the failure of the district court to grant his motion for acquittal. Having concluded that these contentions are likewise without merit, we affirm.

* Of the Third Circuit, sitting by designation.

1. Section 2314 reads in pertinent part:
   Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities, knowing the same to have been falsely made, forged, altered, or counterfeited * * * Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

2. The travel bag contained, among other items, five checks made out to Harry S. Barnes, each in the amount of $65 and with identical serial numbers, a rubber stamp for fixing Barnes' name to checks, and numerous blank checks.

3. See Gandy v. Watkins, M.D.Ala.1964, 237 F.Supp. 266, cert. den. 1965, 380 U.S. 946, 85 S.Ct. 1032, 13 L.Ed.2d 965, wherein Judge Johnson, in answering a contention similar to the one raised here stated:
   This Court fully recognizes that the Fourth Amendment to the Constitution of the United States protects an individual from unreasonable searches and seizures; however, *under the circumstances in this case where the property was taken into custody by the officer of the specific request of the hotel manager and where the search was initially made by the owner of the hotel,* and the property was only pointed out to the officer by the owner and manager of the hotel and then taken into custody by the officer at the request of the owner and manager of the hotel, there had been no unreasonable search and seizure within the meaning of the Fourth Amendment * * *.

   Id. at 270 (Emphasis added.) See also United States v. Goldberg, 3rd Cir. 1964, 330 F.2d 30, cert. den. 377 U.S. 953, 84 S.Ct. 1630, 12 L.Ed.2d 497; United States v. Masterson, S.D.N.Y. 1966, 251 F.Supp. 937; United States v. Frank, D.C. D.C.1964, 225 F.Supp. 573; Geniviva v. Bingler, W.D.Pa.1961, 206 F.Supp. 81.