PER CURIAM.
This cause came on before us on a motion filed by the public defender for the Fifteenth Judicial Circuit to withdraw as counsel of record in connection with the present appeal because of an asserted conflict of interest between himself and the appellant. The public defender alleges that the appellant desires to argue before this court as a ground for reversal that he did not have competent counsel in the trial court. Since the appellant was represented by the public defender during trial, the public defender contends that a conflict of interest now arises between himself and the appellant.
It is our view that the issue of the competency of trial counsel cannot be raised in connection with a full appeal from the adjudication and sentence which is what we have before us at the present time. We are persuaded to this view by several reasons. First, we believe that it is implicit in the Florida Appellate Rules that only judicial errors may be reviewed on full appeal. See Rule 3.5(c) FAR, 32 F.S.A., which states that assignments of error shall designate “identified judicial *450 acts.” Incompetent performance by counsel is not a judicial act.
Secondly, any denial of the appellant’s right to competent counsel may be raised by the appellant by a motion to vacate filed pursuant to Rule 1.850 Cr. P.R., 33 F.S.A. A motion filed under Rule 1.850 places the issue where it may best be determined in the first instance, i. e., in the trial court in which the appellant was convicted.
Finally, it is our view that if we granted the present motion, the purpose of the public defender’s office could be largely frustrated by frequent and bogus claims of incompetency which would lead to equally frequent motions to withdraw.
For the foregoing reasons, the aforesaid motion be and the same is hereby denied.
McCAIN, REED and OWEN, JJ., concur.