HENDRY, Judge.
The appellant was convicted for the crimes of forgery, uttering a forged instrument, and petit larceny by unlawful *703 use of a credit card. As his first point on appeal, he contends that error was committed when the trial court refused to grant his motion to suppress certain evidence seized under the following circumstances; during the afternoon of October IS, 1968, the appellant was lying on the grassy area adjacent to a public beach in Miami Beach. The area was posted with a “keep off the grass” sign. The appellant was approached by Miami Beach Police Officer Griscom who initially asked the appellant for some identification. Officer Griscom testified that appellant Coykendall volunteered the information that he had just gotten off work that afternoon and, not having any residence of his own, was waiting on the grassy area for the return of his car, which he had loaned to a man. The appellant told Officer Griscom that he did not know the man’s name or when he would be back with the automobile.
After inspecting the appellant’s proffered identification, Officer Griscom was directed by the appellant to a white Chevrolet automobile which the appellant identified as his. Officer Griscom testified that he had taken special notice of that particular car before his initial conversation with the appellant because it bore a California license tag on the rear only. This was unusual in the police officer’s opinion because he was aware that the State of California requires both front and rear license tags to be displayed. When the two parties approached the auto, Officer Griscom also noticed that there was no inspection sticker attached to the windshield of the car. Knowing that California, like Florida, requires such an inspection sticker, Officer Griscom stated to the appellant his suspicions that the automobile may have been stolen and thereupon informed him of his suspect rights.
After so informing the appellant, Officer Griscom was then shown an expired Oregon registration for the automobile, dated 1968, which showed ownership of the car in the name of a woman. The appellant then told the police officer that this woman had sold him the car, but upon request, the appellant was unable to show a bill of sale.
Officer Griscom also observed, through the window of the automobile, a large knife concealed in a scabbard lying between the edge of the seat and the metal strip at the bottom of the auto seat. Thereafter, the appellant was placed under arrest on a municipal charge of carrying a concealed weapon and again informed of his rights. A radio check made at police headquarters did not show that the car had been listed as a stolen vehicle.
A subsequent search of the appellant’s person and the automobile uncovered certain evidence which led to his conviction for unlawful use of a credit card, forgery and uttering a forged instrument. A pretrial hearing was held as to the search of the appellant’s person and the evidence so obtained was suppressed as a result of that hearing.
However, it is the appellant’s contention that the evidence discovered in the automobile was also the fruit of an illegal search by virtue of the fact that no probable cause existed to justify the search of the car. The key issue, therefore, becomes one of whether the facts immediately surrounding the search constituted probable cause for arrest.
In State v. Outten, Fla. 1968, 206 So. 2d 392, the Supreme Court set forth the following standard as to whether an arrest was founded on probable cause:
“The facts constituting probable cause need not meet the standard of conclusiveness and probability required of the circumstantial facts upon which conviction must be based. * * * The sufficiency of the officer’s knowledge is not to be judged by an analysis of the effect of each isolated circumstance. Rather, it is to be measured by the test of. what a reasonable man would have believed had he known all of the facts known by the officer. * * * ”
It is our considered opinion that the facts of this case do demonstrate a sitúa *704 tion which, if “ * * * measured by the test of what a reasonable man would have believed * * * ” under the same circumstances, would have presented probable cause to the officer for an arrest. From all outward appearances that were apparent to him in his assessment of the facts, Officer Griscom was reasonably entitled to believe that the felony of auto theft had been committed and the person he was about to arrest was the one who had committed that felony. Cf. City of Miami v. Nelson, Fla.App.1966, 186 So.2d 535. Since the arrest was therefore based upon probable cause, it was valid, and the subsequent searching of the car was a legal incident thereto. Thus, the evidence so obtained was properly not suppressed by the trial court.
The appellant has also questioned the sufficiency of the evidence relating to his misdemeanor conviction. This court is without jurisdiction to review such conviction, and therefore, we hereby order the transfer of that portion of this cause to the circuit court for proper review.
The remaining points on appeal have been found to be without merit. Therefore, the judgment and conviction being appealed are hereby affirmed, with directions.