PER CURIAM.
Appellant was convicted of a misdemean- or and a felony. He has prosecuted this appeal, contending that the trial court erred in denying a motion for continuance and erred in failing to suppress contraband evidence that was used in support of the felony conviction.
The circuit court has jurisdiction at the present time over appeals for misdemeanor convictions and, upon the conclusion of the appeal from the felony conviction, this record will be transferred to the circuit court. Merrill v. State, Fla.App. 1969, 225 So.2d 436; Coykendall v. State, Fla.App. 1970, 230 So.2d 702; Maninger v. State, Fla.App.1971, 254 So.2d 862; Kanter v. State, Fla.App.1972, 265 So.2d 742 [opinion filed August 29, 1972].
We find no abuse of discretion on the part of the trial judge in denying the motion for continuance; this is a discretionary matter. It is apparent that it was the defendant’s own fault that he failed to make final arrangements to retain his private counsel in the eleven days that intervened between his arraignment and his trial. It was indicated at the time of his arraignment that he had private counsel and he was instructed by the trial court to make preparations for his defense in the interval; this he declined to do until the eve of the trial. We do not find that under these circumstances the trial judge committed error in continuing with the trial as scheduled. Everett v. State, Fla. App.1964, 161 So.2d 714; Cappetta v. Wainwright, Fla.1967, 203 So.2d 609; Geiger v. State, Fla.App.1969, 228 So.2d 449.
As to the motion to suppress, we find this argument to be without merit; the contraband came into possession of law enforcement officers through efforts of third persons. Gandy v. Watkins, Dist.Ct. Middle Dist.Ala., N.D.1965, 237 F.Supp. 266; Barnes v. United States, 5th Cir. 1967, 373 F.2d 517.
Therefore, for the reasons above stated, the felony conviction here under review be and the same is hereby affirmed.
Affirmed.