272 So.2d 505 (1973)
Dennis L. BERNOVICH, Appellant,
v.
STATE of Florida, Appellee.
No. 41751.
Supreme Court of Florida.
January 17, 1973.
Rehearing Denied February 23, 1973.
*506 Gordon V. Frederick, Sanford, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellee.
DEKLE, Justice.
After a five-day jury trial on a charge of rape, the defendant was found guilty without recommendation of mercy. Pending consideration of the appeal here, the case of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), effectively terminated existing capital punishment in Florida. Donaldson v. Sack, 265 So.2d 499 (Fla. 1972). This Court was then left with no alternative but to void the death penalty in this case and in the interest of expediting this and numerous similar cases then pending, we dealt with them in our opinion in Anderson et al. v. State, 267 So.2d 8 (Fla. 1972), and provided for resentencing by the trial judge in such instances as here of rape without murder prior to January 1, 1972. This action of course concluded that principal aspect of this appeal. The defendant has since been duly resentenced to life imprisonment by the trial judge on September 20, 1972.
In this cause, as in others, we have proceeded to examine the record, however, to consider any other remaining points on appeal for our decision. In the present case we find assertions of error strongly urged by defendant that his motion to suppress the evidence should have been granted and a directed verdict of acquittal entered and in certain other rulings and denials of post trial motions.
We do not see in these circumstances an illegal search, and we affirm the able trial judge in denial of the motion to suppress. The facts here are consistent with Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921).
Ours is an instance in which an individual who was not a police officer, nor acting under police direction, obtained the articles in question and turned them over to the police. It is contended that Fla. Const. art. I, § 12, F.S.A., has been violated by an illegal search. We do not think so.
The articles in question (consisting of a knife, gun and stocking mask related to the crime) were in the defendant's automobile which his wife  after the date in question  drove to her father's home, told her father of the contents, whereupon he went to the car and inspected them, put them back under the seat and then called the police, advising them of the articles and that they should see them. Upon the officers' arrival, the father advised them that the articles were in the car and he (the father) went to the car and removed them and handed the articles to the police. It is contended that the father was acting "as an arm of the police" in so doing. Here, however, the testimony reveals the lack of a participation by the officers in the search or seizure, which negates this contention.
Prior to the decision in Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960), law enforcement officers could receive under the "silver platter" doctrine evidence illegally seized by state police without the knowledge or cooperation of the federal authorities. However, the Elkins decision no longer makes available to federal authorities under the silver platter doctrine evidence obtained by state officers in an unreasonable search and seizure. In this connection, the Supreme Court of the United States in Elkins said that if the search and seizure would have been unlawful had it been committed by federal authorities, the evidence is still "tainted" and must be excluded in a federal case. Burdeau however, involved *507 private persons not connected with any governmental body, so that Burdeau is not affected by Elkins. The viability of Burdeau leaves intact the basic principle that the Fourth Amendment's protection applies in cases involving governmental action only, not against searches and seizures made by a private individual.
The Burdeau and Elkins cases and the concept of participation by police as it applies here were considered in the case of Moody v. United States, 163 A.2d 337 (D.C.Mun.App. 1960). There the court determined the evidence to be tainted by unreasonable search and seizure, ruling that there was an active participation by the police in the recovery of the articles in question. While not expressly subscribing to the Moody holding under its facts, we have concluded that the facts are distinguished from those in our case which renders that decision inapplicable here. We find this cause to be within the Burdeau rule of independent recovery by a private individual of the articles in question without active participation by the police.[1]
A second strong contention by defendant is that his conviction was founded wholly upon circumstantial evidence which was not sufficient to meet the required test that the evidence be not only consistent with the defendant's guilt but also inconsistent with any other reasonable hypothesis of innocence, citing Raybon v. State, 75 So.2d 7 (Fla. 1954). It is accordingly contended that there should have been a directed verdict of acquittal. We do not agree. It is argued that the description of defendant by various witnesses who observed him varied as to his size, color of hair and eyes, etc. This was for the jury's determination. The evidence was sufficient. Additionally, the exact year and color and kind of car varied with certain witnesses, but considered as a whole it was a jury question, just as was the highly questionable alibi which defendant himself submitted. All of these questions were resolved by the jury under proper instructions.
We have examined the other questions raised and the evidence presented and find no reversible error. The verdict and judgment of guilt of the defendant, as now amended by subsequent resentencing to life imprisonment, are accordingly
Affirmed.
CARLTON, C.J., and ROBERTS, ERVIN and ADKINS, JJ., concur.
NOTES
[1] Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, rehearing den. 404 U.S. 874, 92 S.Ct. 26, 30 L.Ed.2d 120 (1971).