BARKDULL, Chief Judge.
The appellant seeks review of her conviction for possession of narcotics paraphernalia. The record on appeal reveals the following:
The appellant, while driving her automobile, visited a service station in Hialeah, Florida. While there, she used the restroom facilities provided by the station. After she had been in the restroom for a period of ten or fifteen minutes, the operator of the station looked into the restroom through an opening in the wall, whereupon he observed the appellant fully clothed with narcotics paraphernalia laid out before her. He thereupon called the police. In response *815 to his call, a law enforcement officer arrived and the station operator described the situation to him. The appellant still not having vacated the restroom facilities, the officer looked through the opening in the wall into same and observed her preparing to leave, whereupon he stationed himself outside the door to the restroom and apprehended the appellant when she came out. She was advised of her constitutional rights, was thereafter arrested, and charged with possession of narcotics paraphernalia. Upon a trial on a not guilty plea subsequent to the denial of a motion to suppress, she was found guilty and this appeal followed.
The appellant urges two grounds for reversal: (1) Error in the denial of the motion to suppress, contending that her privacy as protected under State and Federal constitutions was violated; (2) That the evidence failed to support a conviction under the charge.
We find no merit in the latter contention. Edwards v. State, Fla.App.1968, 213 So.2d 274; Williams v. State, Fla.App.1970, 239 So.2d 127; State v. West, Fla.App.1972, 262 So.2d 457. As to the first contention, the alleged invasion of privacy, this is a constitutional right provided citizens under both the Federal and State constitutions from invasion of privacy by agencies of governmental units; it is not a right protected from invasion of privacy by private citizens. Palladino v. State, Fla.App.1972, 267 So.2d 837; Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576; Gandy v. Watkins, Dist.Ct. Middle Dist., Ala., N.D.1965, 237 F.Supp. 266; Barnes v. United States, 5th Cir. 1967, 373 F.2d 517. When the law enforcement officer arrived at the scene [from the description of what had taken place by the operator of the station] he had probable cause to apprehend and arrest the appellant. Walker v. State, Fla.App.1967, 196 So.2d 8; State v. Outten, Fla. 1968, 206 So.2d 392; Coykendall v. State, Fla.App.1970, 230 So.2d 702. The fact that he may or may not have violated her right of privacy by making an observation himself was merely cumulative to the probable cause that had already been conveyed to him by the private citizen. The law enforcement officer having initially received information which would justify probable cause to apprehend the appellant, this original probable cause was not vitiated by his subsequent actions.
Therefore, for the reasons above stated, we do not find this alleged error to be well-taken, and the judgment and conviction here under review be and the same is hereby affirmed.
Affirmed.
HENDRY, J., dissents.