UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert H. BLANTON, III,
Defendant-Appellant.

No. 72–3348.

United States Court of Appeals,
Fifth Circuit.

May 30, 1973.

Sidney D. Fazio, Baton Rouge, La., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before BELL, INGRAHAM and RONEY, Circuit Judges.

BELL, Circuit Judge:

Appellant was convicted of possessing and transporting a silencer for a firearm in interstate commerce in violation of 26 U.S.C.A. §§ 5845(a), (i) and (j), and 5861(d). He also was charged with carrying a semi-automatic pistol equipped so as to use the silencer and a telescopic site but this charge was dismissed along with another not relevant here.

The single assignment of error is based on the denial of a motion to suppress the silencer as having been discovered by an illegal search and seizure.

Appellant's bag was found in the unsupervised public baggage area at the Baton Rouge Airport where it had been unclaimed for several hours. An airline attendant found it necessary to open the bag to determine ownership. Unable to determine ownership from the contents of the bag, the attendant opened an attaché case found inside the bag and discovered what appeared to him to be the silencer as well as the pistol. He called in other airline employees and they concurred in his suspicion that one of the items was a silencer. The attendant then called an airport security guard who viewed the silencer but was not certain as to just what it was. The bag was then closed by the airline employees. The security guard called local police of-

ficers to report the event and they, in turn, upon being told that one of the items found in the bag could be a silencer, directed the guard to call federal officers in New Orleans. One of the federal officers, upon being called, advised that they would leave immediately for the airport and that the bag should be held and that defendant should be detained if he attempted to claim the bag.

Meanwhile, appellant appeared at the airport to claim the bag. A security guard requested that he remain at the airport pending the arrival of the federal officer. Appellant called his lawyer and was told to cooperate. He stood by and a federal officer arrived from New Orleans shortly thereafter. The bag was turned over to the federal officer. He opened the bag, observed the silencer, and arrested appellant.

The original search was clearly by a private person and outside Fourth Amendment protection. This much is conceded. The argument is that the federal officer made a new search under circumstances where a warrant could have been obtained. Leaving aside the question of probable cause and exigent circumstances in that the defendant, as was stipulated, was free to leave, we proceed to a different basis for decision.

The government cites our case of Barnes v. United States, 5 Cir., 1967, 373 F.2d 517, in support of its position.

It is controlling. Barnes left a bag in a motel. The motel owner opened the bag and found bank checks with identical numbers made out to Barnes, numerous blank checks, and a rubber stamp for affixing Barnes' name to checks. He became suspicious and called the police. We quote:

" . . . By this appeal, appellant asserts that his conviction was the result of evidence gained through an illegal search in violation of the fourth amendment to the federal Constitution. The search of which appellant complains, however, was made by a private citizen—the owner of a motel in which appellant stayed overnight

and in which he left behind a travel case containing the evidence complained of. The search was made on the motel owner's own initiative. Because of it, he became suspicious, called the local police, informed them of the bag's contents, and made it available to the authorities.

"The fourth amendment and the case law applying it do not require exclusion of evidence obtained through a search by a private citizen. Rather, the amendment only proscribes governmental action. . . . Clearly the search complained of here did not involve governmental action and was therefore not illegal within the meaning of the fourth amendment." 373 F.2d at 518.

 This implicit basis for this holding in *Barnes* is that the initial search was made by a private person and the events which later transpired did not constitute a separate or additional search which could be equated with a search proscribed by the two-part test of the Fourth Amendment: (1) an unreasonable search (2) by a state or federal officer. It is not clear from our opinion in the *Barnes* case whether the bag was left open by the hotel owner or reopened by the police but this happenstance is insufficient to convert an otherwise private search into an unreasonable official search in the immediate circumstances which were present there and which are present here. The *Barnes* opinion states that the motel owner made "it", meaning the bag, available to the officers. That is precisely what happened in the instant case.

This reasoning is buttressed by two decisions of the Ninth Circuit Court of Appeals. See Clayton v. United States, 9 Cir., 1969, 413 F.2d 297 (heroin discovered in search of air express shipment by airline employee); Gold v. United States, 9 Cir., 1967, 378 F.2d 588 (obscene film discovered in search of package by airline employee). See also Wolf Low v. United States, 9 Cir., 1968, 391 F.2d 61. These cases as well

as *Barnes* and the case before us are to be distinguished from cases where the officers participate in or are in league with the private person in making the initial search. Cf. Corngold v. United States, 9 Cir., 1966, 367 F.2d 1. Here the federal officer had nothing whatever to do with the initial search. The bag containing the attaché case and silencer was handed to him by the private person who made the initial search and who caused the federal officer to be called in.

Affirmed.