281 So.2d 215 (1973)
STATE of Florida, Appellant,
v.
Raymond Arnold BOOKOUT, Appellee.
No. 72-367.
District Court of Appeal of Florida, Fourth District.
August 6, 1973.
Rom W. Powell, County Sol. and Warren H. Petersen, Asst. County Sol., Orlando, for appellant.
No appearance for appellee.
OWEN, Chief Judge.
Appellee, Raymond Arnold Bookout, was arrested September 14, 1971, and charged with dealing in credit cards of another and possession of burglary tools. The tangible evidence against the defendant had been found in luggage seized and opened at the Orlando Airport terminal building. The defendant's motion to suppress this tangible evidence was granted and the State has appealed pursuant to F.S. Section 924.071(1), F.S.A.
On September 13, 1971, Shawnee Airlines Flight 104 from Ft. Lauderdale arrived at the Orlando terminal and discharged passengers and baggage destined for Orlando. All luggage was claimed except one yellow suitcase with a broken combination lock. It was inscribed with the initials J.M.H., but had no other visible identification as to the name and address of the owner. Approximately an hour later the baggage service manager for Shawnee Airlines, responsible for the lost and found articles, took the suitcase from the baggage claim area and accompanied by another employee of the airline proceeded to open the suitcase. These employees testified (at the hearing on the motion) that this was the procedure normally followed in attempting to ascertain the name and address of the owner of luggage or baggage which remained unclaimed and was apparently abandoned. Upon opening the suitcase, the airline employees found a number of bank checks and a number of traveler's checks, all with different names on them, two gasoline credit cards in another name, a blank driver's license and small picks and files described as burglary tools. Upon making this discovery, the airline employees called the local office of the F.B.I. and this agency, having examined the evidence, called the Orlando Police Dept. The following morning the police were at the air terminal building to inventory the contents of the suitcase and were in the process of doing so when appellee arrived. When he claimed the luggage as his, he was placed under arrest and charged with the stated offenses.
The trial court, in granting the motion to suppress, relied on the case of Corngold *216 v. United States, 9 Cir.1966, 367 F.2d 1. However, because of significant distinctions between the facts in the Corngold case and the facts in the case at hand, we conclude that the Corngold case is inapposite. There the airline employee who opened the package testified that he did so only at the request of the customs' agents who had been following the defendant and who told the airline employee that they suspected the packages contained watches. The employee would not have opened the packages had the customs' agents not approached him and requested him to do so. Furthermore, the package in that case was securely wrapped and tied, addressed to a person in New York, and delivered to the airline solely for transportation from Los Angeles to New York as air freight. In the case before us, the unlocked suitcase had arrived on a flight as personal luggage with no name or identification tag on the outside, and had remained unclaimed for more than an hour after its arrival at the baggage area. The luggage was opened in accordance with the airline's policy to promptly ascertain the owner of any luggage which is apparently lost or abandoned. This is clearly a case of a search by a private individual for a wholly legitimate and proper purpose, and not a search performed for the benefit or with the knowledge of any government official. It has been consistently held that the Fourth Amendment protection against unreasonable searches and seizures applies only in cases involving governmental action, and does not afford protection against searches and seizures made by a private individual. Barnes v. United States, 5 Cir.1967, 373 F.2d 517; Gold v. United States, 9 Cir.1967, 378 F.2d 588; Wolf Low v. United States, 9 Cir.1968, 391 F.2d 61; Clayton v. United States, 9 Cir.1969, 413 F.2d 297; United States v. Winbush, 6 Cir.1970, 428 F.2d 357; Bernovich v. State, Fla. 1973, 272 So.2d 505; Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921).
The order granting appellee's motion to suppress is reversed and this cause remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
WALDEN and MAGER, JJ., concur.