BOYER, Judge.
The sole question to be resolved on this appeal relates to the refusal by the trial court to grant a defense motion to suppress evidence, allegedly obtained as a result of an illegal search and seizure. The legality of the search and seizure is the real issue.
The facts are not in dispute. The defendant’s brother became angered at defendant and thereupon made a telephone call to the police, informing them that defendant was in possession of marijuana and that if they would meet him at defendant’s residence he (the brother) would admit them and display the marijuana to them. The brother testified that the police advised him at the time of the call that they would have to obtain a search warrant in order to enter the house whereupon he assured the police that he had right of access to the home, stating
“Of course, I told the police that I had the right of access to the house. It was just something to get them out there, because I was mad at my brother at the time.”
*142 The evidence further reveals that the brother represented to the police that he was in charge of the property, that is was owned by him and his sister (who was not present) and that it was his responsibility to be sure that the property was maintained in order.
With that assurance the police responded to the call and met defendant’s brother at the premises. The brother did not have a key to the door, but again assured the police that he was responsible for the property and enjoyed a joint ownership and that he would be responsible for replacing the glass, which he promptly broke in order to open the door.
As soon as the door was opened the officers, without going into the building, could see marijuana plants in the living room.
Appellant contends that his brother had no right to break open the door or even enter the residence and that the entry by the police, and seizure of the evidence was unlawful. The State, on the other hand, urges that the brother, who actually made the search and invited the seizure was a private citizen, not an agent of the police and that upon the door being opened by the brother the evidence came into plain view while the officers were where they had a right to be and that therefore the “plain view doctrine” applies.
We agree with the State and affirm. (See Bernovich v. State, Sup.Ct.Fla.1973, 272 So.2d 505; State v. Bookout, Fla.App. 4th 1973, 281 So.2d 215; Barnes v. United States, U.S.Ct. of App. 5th Cir. 1967, 373 F.2d 517; Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921); State v. Parnell, Sup.Ct.Fla.1969, 221 So.2d 129; and State v. Clarke, Fla.App. 4th 1970, 242 So.2d 791.)
Because of the representations of a private citizen, the brother of the defendant, under the circumstances of this case the police officers had every right to be in a position to observe the contraband which was in plain view, thus justifying its seizure, at the invitation and upon the insistence of a private citizen (defendant’s brother), thus rendering admission of the evidence permissible.
Affirmed.
McCORD, J., concurs.
RAWLS, C. J., dissents.