UNITED STATES of America, Appellee,

v.

Richard Neil CRABTREE, Appellant.

No. 76-1065.

United States Court of Appeals, Fourth Circuit.

Argued July 15, 1976.

Decided Dec. 3, 1976.

Thomas H. Pollok, Richmond, Va. [court-appointed], for appellant.

Douglas M. Martin, Asst. U. S. Atty., Charlotte, N. C. (Keith S. Snyder, U. S. Atty., Asheville, N. C., on brief), for appellee.

Before CRAVEN, RUSSELL and WIDENER, Circuit Judges.

PER CURIAM:

Richard Neil Crabtree was convicted of a conspiracy to obtain and sell a controlled substance (LSD) in violation of 21 U.S.C. § 846. In this appeal, he makes the following assignments of error: (1) a warrantless search of a parcel by a private air freight company, (2) admission of alleged hearsay statements by a co-conspirator, (3) the modification of his sentence. Finding no merit in any of these contentions, we affirm.

The record shows that defendant's role in the conspiracy was to obtain quantities of LSD in California, and to send it by express shipment to parties in Charlotte, North Carolina. On April 25, 1975, James Allen King took a parcel to the Federal Express in Charlotte to be shipped air freight to the defendant in California. The station agent who received the package became suspicious when King wanted to pay for the charges in cash and refused to leave a billing address, or to disclose the contents of the package. After King's departure, the agent opened the package and discovered some 8000 tablets of LSD, $250 in cash, and a note. He then contacted an agent of the Drug Enforcement Administration who performed a field test on the tablets which indicated that they contained LSD. After resealing the package, it was returned to Federal Express for ordinary delivery in California, where DEA agents had been notified to expect its arrival. Defendant was arrested at the airport after he claimed the package.

 Although no pre-trial motions to suppress were filed, defendant now asserts that this inspection constituted a warrantless search by a *de facto* government officer, thus requiring the exclusion of the tablets and invalidating his arrest. It is contended that Federal Express is an agent of the federal government since it carries the mail and is subject to various federal regulations. However, the record clearly shows

that Federal Express is a small private air shipper with no connection with the government. The station agent was acting as a private citizen with authority from his employer to open and inspect parcels consigned to his care.[1] Furthermore, he was not supervised in this undertaking or requested to perform the inspection by any agent of the government. As the court said, when dealing with an identical situation in *United States v. DeBerry, supra,* 487 F.2d at 450: "We therefore accept the Government's proposition that the search . . . did not infringe upon appellants' fourth amendment rights."

■ Crabtree also argues that it was error for the Court to admit testimony by King as to his statements and actions and those of Gunner, another co-conspirator, since he asserts that the conspiracy had terminated by the time King received the tablets. There can be no doubt that the conspiracy was a continuing one. The reason for returning the tablets was their poor quality. Gunner's role in the conspiracy is shown by his act of delivering the tablets to King while directing him to write the note saying "send something decent." This evidence amounts to more than the "fair preponderance" required to show a connection to the conspiracy thus rendering admissible the statement of a co-conspirator. *United States v. Jones* (4th Cir. 1976), 542 F.2d 186, 203.

■ Following Crabtree's conviction, the Court sentenced him to a term of three years which was suspended and defendant was placed on probation for five years with the special condition that he at his own expense spend his nights in jail for thirty months. However, defendant was unable to locate accommodations in order to fulfill this condition and later the Court expressed a willingness to sentence him as a young adult offender pursuant to 18 U.S.C. §§ 4209 and 5010. After the Court detailed the advantages and disadvantages of such a sentence, defendant consented to the imposition of a young adult sentence. It is alleged that this sentence is impermissible since defendant could serve an indefinite term up to four years with two years special parole whereas his original sentence was less. However, the Youth Corrections Act has been held constitutional even though it imposes a greater sentence than the maximum sentence provided for in the statute defining the crime charged. *Foston v. United States* (8th Cir. 1968), 389 F.2d 86, 87, *cert. denied,* 392 U.S. 940, 88 S.Ct. 2319, 20 L.Ed.2d 1401. Also, defendant here consented to the sentence after being fully advised by the Court of the consequences and after consulting with counsel. Therefore, he cannot now complain. *Abernathy v. United States* (5th Cir. 1969), 418 F.2d 288, 290.

Accordingly, the judgment of the district court is

*AFFIRMED.*