**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Larry Wayne McDANIEL,**
**Defendant-Appellant.**

**No. 77–5675**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

June 12, 1978.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Timothy N. Skidmore, Atlanta, Ga., for defendant-appellant.

William L. Harper, U. S. Atty., Dorothy Y. Kirkley, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

RONEY, Circuit Judge:

Defendant Larry Wayne McDaniel was found guilty of violating 18 U.S.C.A. § 922(h), which makes it unlawful for a convicted felon to receive a firearm which has been shipped in interstate commerce. The gun was found when an airline employee opened defendant's attaché case in an effort to discover to whom it belonged, the unmarked case having been sent as checked luggage and misrouted. Defendant complains of the Government's subsequent warrantless "seizure" of the briefcase and its contents from the airline. The initial search by the airline employee, a private person, was clearly outside the protection of the Fourth Amendment. Since the airline then voluntarily notified the authorities and turned the briefcase over to them, the Government's action did not constitute a separate search or seizure. Accordingly, the district court was correct in denying the motion to suppress.

Defendant also contends that the court erred in allowing into evidence a shirt with the word "Outlaws" on it and a second firearm found in the briefcase, objected to by defendant as irrelevant and prejudicial. The trial court did not abuse its discretion in admitting these two items.

A review of the trial transcript revealing sufficient evidence to support the conviction, we affirm.

### The "Search"

In January 1977, defendant checked his briefcase on a Delta flight from Atlanta, Georgia to Tampa, Florida. The briefcase was misrouted and arrived in Manhattan, Kansas with Frontier Airlines. Because the briefcase was not claimed and had no external identification, it was held by Frontier. On January 23, a Frontier supervisor opened the briefcase in an effort to discover the identity of its owner. Instead, he discovered two loaded firearms and what he suspected to be narcotics. He resealed the briefcase and reported his discovery to the local police. They passed the information to the Bureau of Alcohol, Tobacco & Firearms, which sent an agent to the airport. The Frontier supervisor turned the briefcase over to the agent. He and the Frontier supervisor then reopened the briefcase and inventoried its contents.

Defendant maintains that the Government agent should have gotten a warrant before seizing the briefcase and searching its contents. He contends the district court erred in finding that Frontier voluntarily turned the briefcase over to the agent.

 To violate the Fourth Amendment, a search must be "(1) an unreasonable search (2) by a state or federal officer." *United States v. Blanton*, 479 F.2d 327, 328 (5th Cir. 1973). That Amendment proscribes only governmental action. A search by a private individual for purely private reasons does not fall within Fourth Amendment proscriptions. *See, e. g., Burdeau v. McDowell*, 256 U.S. 465, 475–476, 471 S.Ct. 574, 65 L.Ed. 1048 (1921); *United States v. Lamar*, 545 F.2d 488, 490 (5th Cir.), *cert. denied*, 430 U.S. 959, 97 S.Ct. 1609, 51 L.Ed.2d 810 (1977); *United States v. Crabtree*, 545 F.2d 884, 886 (4th Cir. 1976); *United States v. Sherwin*, 539 F.2d 1, 5–6 (9th Cir. 1976) (*en banc*); *United States v. Capra*, 501 F.2d 267, 272–273 n.4 (2d Cir. 1974), *cert. denied*, 420 U.S. 990, 95 S.Ct. 1424, 43 L.Ed.2d 670 (1975); *United States v. Blanton*, 479 F.2d 327, 328 (5th Cir. 1973).

Defendant concedes the initial search by Frontier did not violate the Fourth Amendment. He contends, however, that the Government was required to obtain a warrant before it "seized" the briefcase from Frontier. The law in this Circuit is to the contrary. The Government's actions "did not constitute a separate or additional search which could be equated with a search proscribed by the . . . Fourth Amendment." *United States v. Blanton*, 479 F.2d 327, 328 (5th Cir. 1973).

In *Blanton*, defendant was convicted of possessing and transporting a silencer for a firearm. An airline employee found defendant's suitcase in the airport's baggage claim area. Since it was unclaimed and had no external means of identification, the employee opened the bag to determine its ownership. He found a pistol and a silencer inside. He reclosed the bag and called federal officers, who reopened the bag when they arrived. On appeal, Blanton made the same argument defendant McDaniel now raises: that "the federal officer made a new search under circumstances where a warrant could have been obtained." 479 F.2d at 328. The Court rejected that argument. It found it of no significance that the federal officers reopened the bag, as opposed to seeing the evidence in plain view had the bag been left open by the airline employee. The initial search was valid because it was by a private person, who then turned the evidence over to the authorities. The Court held that the Government's actions in that situation did not constitute a "separate or additional search."

■ Defendant contends that unlike the situation in *Blanton*, the airline employee here did not *voluntarily* give the briefcase to the Government agent. The district court concluded, however, that the airline did voluntarily turn the briefcase over to the Government, a finding of fact supported by the evidence. The Frontier airline employee testified at the suppression hearing that he had been instructed by his supervisor, the airline's director of security, to request a warrant from the local police if they took the bag. When the Government agent arrived, the Frontier employee asked him if he had a warrant, and the agent said he did not need one because there was contraband in the briefcase. The Frontier employee then checked with the airline's director of security, who instructed him to release the briefcase. This testimony by the Frontier employee was corroborated by the testimony of the Government agent.

■ Since the airline voluntarily released the briefcase to the Government, this case is controlled by our decision in *Blanton*. The district court correctly denied the motion to suppress.

*The Second Gun and the "Outlaws" Shirt*

Defendant contends on grounds of irrelevancy and unfair prejudice, that the district court erred in admitting into evidence a second gun and a shirt with the word "Outlaws" on it, both found in the briefcase.

■ The gun was admitted only to establish the contents of the case. A witness had testified that defendant told him the briefcase contained two guns, and the gun was introduced to corroborate the witness' testimony. Evidence of other crimes, closely related in both time and nature to the crime charged, may be admitted to establish the *res gestae*, that is, "the common scheme or history of the crime, of which the other crimes constitute a part." *United States v. Blewitt*, 538 F.2d 1099, 1100 (5th Cir.), *cert. denied*, 429 U.S. 1026, 97 S.Ct. 650, 50 L.Ed.2d 629 (1976). The admission of the gun was necessary to complete the story told at trial. No error occurred.

■ The shirt with the word "Outlaws" on it was introduced by the Government for the purpose of identifying the briefcase in which it was found as belonging to defendant. The shirt had a pin with the word and emblem "Mack" on it. Defendant was known as "Larry Mack," and had adopted the "Mack" emblem. Thus, the shirt was relevant to establish defendant's ownership of the briefcase.

■ Rule 403, Fed.R.Evid., allows the trial judge to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." This balancing test is committed to the sound discretion of the trial judge. His decision on admissibility can be disturbed only upon a showing of abuse of discretion. *United States v. Brown*, 547 F.2d 1264, 1266 (5th Cir. 1977). The district court did not abuse its discretion in admitting the shirt into evidence.

*Sufficiency of the Evidence*

■ Defendant attacks the sufficiency of the evidence against him. While the Government's case was proved principally by circumstantial evidence, that evidence was sufficient for the jury to find defendant guilty.

AFFIRMED.