PER CURIAM.
Appellant seeks reversal of his conviction of possession of Methaqualone. Appellant contends that the trial court erred in denying the motions to suppress evidence seized from an automobile belonging to appellant since such search was unlawful and the arrest of appellant and his subsequent statements were the direct products of the unlawful seizure under the Fourth and Fourteenth Amendments of the Constitution of the United States.
Appellant strongly argued that Pomerantz v. State, 372 So.2d 104 (Fla. 3d DCA 1979), cert. den., app. dism., 386 So.2d 642 (Fla.1980), is controlling. We cannot agree. We reject the contention on the grounds that (1) the initial stop was proper under State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979), aff’d, 387 So.2d 963 (Fla.1980); (2) the police officer directed appellant to pull over to an area where the appellant was intending to go; (3) the search was conducted by a private employer; unlike in Pomerantz the police officer here took no active participation in the search.
We have carefully considered all of appellant’s contentions in the light of the record, briefs and arguments of counsel and have concluded that no reversible error has been demonstrated. McNamara v. State, 357 So.2d 410 (Fla.1978); Bernovich v. State, 272 So.2d 505 (Fla.1973); Wigfall v. State, 323 So.2d 587 (Fla. 3d DCA 1975).
Affirmed.