[Crim. No. 11639. First Dist., Div. Three. Dec. 6, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD SCOTT, Defendant and Appellant.

## COUNSEL

Sandra Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, and Derald E. Granberg, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**DRAPER, P. J.**—Found guilty by a jury of two counts of importing marijuana into the state (Health & Saf. Code, § 11531), and two counts of possessing marijuana for sale (Health & Saf. Code, § 11530.5), defendant was sentenced to concurrent prison terms on the importation counts. Sentence on the charges of possession for sale was stayed. Defendant appeals.

The core issue is whether the airport manager who found marijuana acted as a private citizen, to whom the rule excluding evidence seized in violation of the Fourth Amendment is inapplicable.

Appellant left his automobile, parked and unattended, under the wing of his airplane in an area reserved for airplane parking. Under airport safety regulations, vehicles other than airplanes were not permitted in this area. An airport employee reported the presence of the automobile to the airport manager, who went to the car intending to remove it himself or to find the owner in order to arrange for him, if he could be found somewhere in the airport, to remove it. The manager entered the car to seek the ignition key or the registration certificate. He found neither in the area of the front seat of the car, but noticed a burlap bag on the floor in front of the rear seat. Some newspapers lay over it. The manager removed the papers, and saw in the open sack a number of brick-shaped objects wrapped in red paper, each in a plastic bag. He removed one of the objects from the open bag. He had recently read newspaper articles which referred to an unusual odor of marijuana. His curiosity aroused, he smelled the object, but, because it was in a plastic bag, noted none. Running his thumbnail along one corner of the object, he made a small hole in the plastic bag. He then smelled an odor which was unfamiliar to him. He telephoned the sheriff's office. A deputy experienced in narcotics investigation arrived, identified the odor as marijuana and arrested appellant. A warrant for search of the plane and the car was obtained, and a total of 252 pounds of marijuana was found in them. The pilot who had been employed to fly the plane to and from Mexico testified that some 10 days earlier he had piloted appellant on a like trip, in the course of which another large quantity of marijuana had been brought to the same airport. The airport is owned by the County of Contra Costa, and its manager is a county employee.

■ "The exclusionary rule does not apply to evidence obtained in a search conducted by a person who is truly a private citizen." (*Dyas* v. *Superior Court,* 11 Cal.3d 628, 632 [114 Cal.Rptr. 114, 522 P.2d 674].) Of course, if the citizen is hired and paid by the police, or participates in planning or implementing a "joint operation" with law enforcement authorities, or otherwise acts as an agent of such officers, the private citizen exemption does not apply. (*People* v. *McKinnon,* 7 Cal.3d 899, 912-913 [103 Cal.Rptr. 897, 500 P.2d 1097].) Here, despite intensive efforts of defense counsel in cross-examination of the airport manager, there is no evidence whatever of agency relationship between the manager and the sheriff's office.

But a government employee, although not formally deputized as a law enforcement officer, may nevertheless be assigned governmental duties closely approaching those of a law officer, and be so trained and equipped for law enforcement duties as to subject his search to the exclusionary rule (*Dyas* v. *Superior Court, supra,* 11 Cal.3d 628). There, the searcher was a security officer employed by a city housing authority and assigned to duty upon its public housing project. He wore standard police dress, carried handcuffs and a revolver, and drove a marked patrol car which had a two-way radio. "Considering his proficiency in searching and arresting defendant, it is apparent that he had also been specially trained to act in that capacity" (*id.* at p. 636), and particularly had " 'been educated in the laws of search and seizure.' " (*Id.,* fn. 4.) His search was therefore not that of a private citizen, and the exclusionary rule was applied to the product of that search.

■ Here, however, the airport manager had no such uniform, equipment or training. Only one of his many duties was to supervise enforcement of safety regulations at the airport. Many of these regulations were embodied in an ordinance which made their violation misdemeanors. But he had never ever issued a citation, and did not consider himself authorized to do so. At most, and only infrequently, he called upon law officers for such enforcement activity. There simply is no reason to believe that he had any knowledge of the exclusionary rule, or any intent to evade it, or that he was motivated by a desire to secure conviction. It has been held (*People* v. *Botts,* 250 Cal.App.2d 478, 482-483 [58 Cal.Rptr. 412], quoted at length in *Dyas,* at pp. 632-633) that the bases for applying the exclusionary rule to police officers are that they will have knowledge of it, will have directions designed to secure compliance, and through discipline and the desire to secure convictions will comply. None of these bases apply to the airport manager here involved, and as was true of the actions by the service station attendant in *Botts,* to apply the exclusionary rule " 'would be to free

a guilty man without any assurance that there would result any counterbalancing restraint of similar conduct in the future.' " (*Dyas* at pp. 632-653.)

We cannot read *Dyas* as extending the exclusionary rule to the large numbers of people employed by the federal, state and local governments in capacities entirely unrelated to any element of law enforcement. The motion to suppress evidence (Pen. Code, § 1538.5) was properly denied.

We have reviewed in detail the remaining contentions of appellant, and the record as it relates to them, and find no merit in any.

Judgment affirmed.

Brown (H. C.), J., and Arata, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.