WENTWORTH, Judge.
Appellant seeks review of judgments of conviction and sentences upon four counts of grand theft, arguing that all evidence should have been suppressed as the product of an unlawful search. We find that the exclusionary rule does not apply in the circumstances of this case, and we therefore affirm the judgments and sentences appealed.
Appellant worked for the Florida State University Alumni Association, an organization in the Office of Alumni Affairs. A state-employed membership clerk in the Alumni Office testified that she had received several complaints from membership applicants and that she needed “to find out what was going on.” Appellant was in charge of processing such applications, and one day while appellant was away from her office the membership clerk, with the assistance of a co-employee, entered appellant’s locked desk and discovered incriminating documents. After another such entry several months later, ostensibly for the purpose of obtaining certain application forms, again revealed incriminating documents, a letter was sent to the state attorney’s office and a criminal investigation ensued which resulted in appellant’s arrest.
The constitutional protection against unreasonable searches and seizures is “a restraint upon the activities of sovereign authority,” Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921), and the exclusionary rule does not apply to private searches “not conducted for or stimulated by law enforcement officers.” U.S. v. Winbush, 428 F.2d 357 (6th Cir. 1970), cert. denied, 400 U.S. 918, 91 S.Ct. 179, 27 L.Ed.2d 157 (1970); accord, Bur-deau. In the present case the contested search was made by persons whose jobs and announced motives were unconnected with law enforcement purposes. Although these persons were governmental employees purportedly acting in furtherance of their employment duties, to the extent that their actions were unconnected with law enforcement purposes the exclusionary rule, intended to deter over-zealous law enforcement, should not apply. Cf, People v. Scott, 43 Cal.App.3d 723, 117 Cal.Rptr. 925 (1st DCA, division 3, 1974). As did the court in Scott, we expressly decline to extend the application of the exclusionary rule to “the large numbers of people employed by the federal, state and local *1083 governments in capacities entirely unrelated to any element of law enforcement.” We therefore conclude that the exclusionary rule is inapplicable in the circumstances of the present case, and the trial court did not err by denying appellant’s motion to suppress.
The judgments and sentences appealed are affirmed.
SMITH and NIMMONS, JJ., concur.